## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR07-3004-MWB |
| vs. | **DETENTION ORDER** |
| EDDIE JERMANE LEE, | |
| Defendant. | |

This matter came on for detention hearing on February 5, 2007. Assistant U.S. Attorney Shawn Wehde appeared on behalf of the plaintiff (the "Government"). The defendant Eddie Jermane Lee appeared in person with his attorney, Chad Douglas Primmer. The Government offered the testimony of Task Force Officer David Tyler.

The court must determine whether any condition or combination of conditions will reasonably assure Lee's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Apker*, 964 F.2d 742, 743 (8th Cir. 1992); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

The court is to presume that no condition or combination of conditions will reasonably assure the appearance of Lee as required and the safety of the community if the court finds there is probable cause to believe Lee committed an offense of the type identified in 18 U.S.C. § 3142(e) for which a maximum term of imprisonment of ten years or more is prescribed by law. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f). The probable cause element of section 3142(e) that triggers the rebuttable presumption of risk of flight and danger to the community may be established through evidence presented at

the detention hearing of an offense which is subject to the rebuttable presumption. *See Apker*, 964 F.2d at 744; *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988).

In the present case, the record indicates that while on probation from a prior felony drug conviction, Lee continued to engage in illegal activities, including arrests on controlled substances charges, assault, and harassment, among others. On this record, Lee has not done well on supervision and has continued to break the law while on release. During the last twelve months, he has had almost continuous involvement with law enforcement. In addition, he has only marginal ties to any local community. Further, Lee has offered no evidence to rebut the presumption that he is a danger to the community. Viewing the record as a whole, the court finds nothing to indicate Lee would be able to refrain from continuing to engage in criminal activities if he were released.

Accordingly, the court finds the Government has proved by a preponderance of the evidence that Lee is a flight risk, and by clear and convincing evidence that Lee would be a danger to the community if released. Therefore, the court finds the following:

1. Lee is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Lee reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Lee to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

    (a) Attach a copy of the release/detention order to the appeal;

    (b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, Lee must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 5th day of February, 2007.

*[signature]*

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT