# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR07-3004-MWB |
| vs. | **ORDER** |
| EDDIE JERMANE LEE, | |
| Defendant. | |

_____

The defendant has filed a motion (Doc. No. 30) to sever his trial from the trial of his codefendants, Antoine Diadre Maxwell and Orondee Jacquell Maxwell. On January 25, 2007, the grand jury returned a seven-count Indictment against the three. Lee and the Maxwells are charged in Count 1 with conspiracy to manufacture and distribute 50 grams or more of cocaine base, or "crack" cocaine. In Count 7, Lee, alone, is charged with possession, and aiding and abetting another's possession, of crack cocaine. Lee is not charged in Counts 2-6 of the Indictment, which contain additional cocaine charges against the codefendants.

In a nutshell, Lee argues that because the evidence against his codefendants is more extensive and damning than the evidence against him, the jury is likely to find him guilty merely due to his association with his codefendants. He further argues he will be unable to pursue a vigorous defense of the charges against him because he will be prohibited from cross-examining his codefendants unless they elect to testify at the trial.

The plaintiff resists the motion (Doc. No. 32), arguing the defendants are charged jointly with conspiracy to manufacture and distribute crack cocaine. The plaintiff argues Lee has not established "beyond mere speculation" that cross-examination of his codefendants is constitutionally necessary to his defense. The plaintiff further argues Lee

has not established the clear prejudice required for severance, citing *United States v. Pherigo*, 327 F.3d 690, 693 (8th Cir. 2003). (Doc. No. 32, pp. 2-3)

The court has reviewed Lee's motion, the resistance, and the applicable law, and finds Lee has failed to overcome the presumption against severance. *See United States v. Delpit*, 94 F.3d 1134 (8th Cir. 1996). Although Lee intimates he would attempt to point the finger at his codefendants to avoid conviction, such a tactic is more the rule than the exception. Lee must be able to show the jury would be "unable to compartmentalize the evidence against each defendant or that the defendants' defenses are irreconcilable" – a heavy burden. *United States v. Warfield*, 97 F.3d 1014, 1019 (8th Cir. 1996).

Although severance is favored where there is danger of real prejudice to an individual defendant, *United States v. Kirk*, 534 F.2d 1262, 1269 (8th Cir. 1976), Lee must do more than argue he might have a better chance of acquittal if his trial were severed. *See United States v. Jackson*, 64 F.3d 1213, 1217 (8th Cir. 1995).

The motion is **denied**.

**IT IS SO ORDERED.**

**DATED** this 12th day of March, 2007.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

2