**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>EDDIE JERMANE LEE, a/k/a "Wheezy," ANTIONE DIANDRE MAXWELL, a/k/a "Twon," a/k/a "Pistol Pete," and ORONDEE JACQUELL MAXWELL, a/k/a "Rock,"<br><br>Defendants. | No. CR 07-3004-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANTS' MOTIONS IN LIMINE AND DEFENDANT ANTIONE DIANDRE MAXWELL'S MOTION TO STRIKE** |

———————————

**TABLE OF CONTENTS**

*I. INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *A. Charges* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *B. The Pending Motions* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
   *A. Defendant Eddie Lee's Motion In Limine* . . . . . . . . . . . . . . . . . . . 5
      *1. The challenged evidence* . . . . . . . . . . . . . . . . . . . . . . . . . . 5
      *2. Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
         *a. Misdemeanor convictions* . . . . . . . . . . . . . . . . . . . . . 7
         *b. The prior felony conviction* . . . . . . . . . . . . . . . . . 9
         *c. Other "bad acts"* . . . . . . . . . . . . . . . . . . . . . . . . . 12
      *3. Summary* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
   *B. Defendant Orondee Maxwell's Motion In Limine* . . . . . . . . . . . . . 15
      *1. The challenged evidence* . . . . . . . . . . . . . . . . . . . . . . . . 15
      *2. Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

|  |  | a. | *Prior criminal history* . . . . . . . . . . . . . . . . . . . . . | 15 |
|  |  | b. | *Opinions about the defendant* . . . . . . . . . . . . . . . | 18 |
|  |  | c. | *Voice identification* . . . . . . . . . . . . . . . . . . . . . . | 19 |
|  |  | d. | *Identifications by alias* . . . . . . . . . . . . . . . . . . | 21 |
|  |  | e. | *Lack of employment history* . . . . . . . . . . . . . . . . | 22 |
|  |  | f. | *Co-conspirator hearsay* . . . . . . . . . . . . . . . . . . . | 23 |
|  | 3. | *Summary* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 24 |
| C. | *Defendant Antione Maxwell's Motions* . . . . . . . . . . . . . . . . . . . | 24 |
|  | 1. | *Defendant Antione Maxwell's motions in limine* . . . . . . . . . | 24 |
|  |  | a. | *The challenged evidence* . . . . . . . . . . . . . . . . . . . . | 24 |
|  |  | b. | *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 26 |
|  |  |  | i. *"Bad acts" evidence* . . . . . . . . . . . . . . . . . . . | 26 |
|  |  |  | ii. *References to "crack houses"* . . . . . . . . . . . . | 27 |
|  |  |  | iii. *References to the defendant residing where drugs or firearms were found* . . . . . . . . . . . | 29 |
|  |  |  | iv. *References to arrest of the defendant and discovery of drug packaging* . . . . . . . . . . . . . | 30 |
|  |  |  | v. *Prior convictions* . . . . . . . . . . . . . . . . . . . . . | 31 |
|  |  |  | vi. *Opinions that the defendant is a drug dealer* . . . | 32 |
|  |  | c. | *Summary* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 33 |
|  | 2. | *The motion to strike an alias* . . . . . . . . . . . . . . . . . . . . | 34 |
| III. | **CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 34 |

# I. INTRODUCTION

## A. Charges

A Grand Jury handed down a seven-count Indictment in this case (docket no. 4) on January 25, 2007, charging defendants Eddie Jermane Lee, Antione Diandre Maxwell, and Orondee Jacquell Maxwell with certain drug-trafficking offenses allegedly involving cocaine base, which is commonly called "crack cocaine." A Grand Jury handed down a

Case 3:07-cr-03004-LTS    Document 78    Filed 05/17/07    Page 2 of 35

seven-count Superseding Indictment (docket no. 53) on May 8, 2007, somewhat revising the charges against the defendants. As the charges currently stand, the defendants are charged with the following offenses:

Count 1 of the Indictment charges that, from about January 2003 through January 2007, defendants Eddie Jermane Lee, Antione Diandre Maxwell, and Orondee Jacquell Maxwell knowingly conspired with each other and with other persons, known and unknown to the Grand Jury, to manufacture and distribute 50 grams or more of crack cocaine, all in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.

Counts 2, 5, 6, and 7 charge certain defendants with separate offenses of possessing, with intent to distribute, crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and in the case of Counts 5, 6, and 7, in violation of 18 U.S.C. § 2. More specifically, Count 2 charges defendant Antione Diandre Maxwell with possessing, with intent to distribute, 4.12 grams of crack cocaine, on or about August 4, 2006; Count 5 charges defendant Orondee Jacquell Maxwell with possessing, or aiding and abetting another to possess, with intent to distribute, approximately 2.22 grams of crack cocaine, on or about September 4, 2006; Count 6 charges defendant Eddie Jermane Lee with possessing, or aiding and abetting another to possess, with intent to distribute, approximately 1 gram of crack cocaine on or about January 16, 2007; and Count 7 charges defendant Eddie Jermane Lee with possessing, or aiding and abetting another to possess, with intent to distribute, 1.32 grams of crack cocaine on or about June 9, 2003.

Counts 3 and 4 charge defendant Orondee Jacquell Maxwell with separate offenses of distributing, or aiding and abetting another to distribute, crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2. More specifically, Count 3 charges defendant Orondee Jacquell Maxwell with distributing, or aiding and abetting another to distribute, approximately .65 grams of crack cocaine on or about October 30,

3

2006; and **Count 4** charges defendant Orondee Jacquell Maxwell with distributing, or aiding and abetting another to distribute, approximately .68 grams of crack cocaine on or about October 30, 2006.

Trial in this matter is set to begin on May 22, 2007.

## B. The Pending Motions

In anticipation of trial, the defendants filed four motions in limine and one defendant filed a motion to strike one of his alleged aliases.

More specifically, on March 14, 2007, defendant Eddie Jermane Lee filed a Motion In Limine (docket no. 37), with a supporting brief, seeking to exclude seventeen items or categories of evidence. The government belatedly resisted that motion on May 15, 2007 (docket no. 65).

On April 30, 2007, defendant Orondee Jacquell Maxwell filed his Motion In Limine (docket no. 40), with a supporting brief, seeking to exclude six items or categories of evidence. The government, likewise, belatedly resisted that motion on May 15, 2007.

On April 30, 2007, defendant Antione Diandre Maxwell filed a Motion In Limine Regarding Purported Drug Activity (docket no. 41), without a supporting brief, seeking to exclude five items or categories of evidence. The government belatedly resisted that motion on May 14, 2007 (docket no. 60). Shortly thereafter, on May 14, 2007, defendant Antione Maxwell filed another Motion In Limine Regarding Prior Bad Acts (docket no. 61), again without a supporting brief, again seeking to exclude five items or categories of evidence, most of which were identical to the items challenged in his first Motion In Limine (docket no. 41), albeit with slightly more detail concerning some of the evidence in question. On May 15, 2007, defendant Antione Diandre Maxwell filed a Motion To Strike Purported Alias Of Defendant (docket no. 63), again without a supporting brief,

4

seeking to strike from the Superseding Indictment or, in the alternative, to preclude any reference during trial to one of his alleged aliases, "Pistol Pete." On May 16, 2007, the government filed a combined response (docket no. 73) to Antione Maxwell's second Motion In Limine and Motion To Strike. On May 16, 2007, Antione Maxwell filed an "unresisted" motion for leave to file out of time briefs in support of all three of his motions (docket no. 74). However, the Clerk of Court struck that motion and the late briefs, because the defendant filed the briefs (as docket nos. 75, 76, and 77), instead of attaching them to his motion for leave to file them as required by N.D. IA. L.R. 5.3(g)(5). A corrected motion for leave to file late briefs was not filed before this ruling was ready for filing. Therefore, the court has not considered defendant Antione Maxwell's untimely briefs in support of his motions.

The court will consider each defendant's motion or motions in turn.

## II.  LEGAL ANALYSIS

### A.  Defendant Eddie Lee's Motion In Limine

### 1.  The challenged evidence

Defendant Eddie Jermane Lee's March 14, 2007, Motion In Limine (docket no. 37) seeks to exclude the following seventeen items or categories of evidence:  (1) his August 23, 2001, arrest (and subsequent conviction) for Driving While Barred in Cerro Gordo County, Iowa, Case Number AGCR009866; (2) his September 10, 2002, arrest (and subsequent conviction) for Driving While Barred in Cerro Gordo County, Iowa, Case Number AGCR010964; (3) his October 5, 2001, arrest for state felony drug charges resulting in a conviction for a Tax Stamp Violation in Cerro Gordo County, Iowa, Case Number FECR009987; (4) his arrest on or about July 12, 2001, (and subsequent conviction) for Operating While Intoxicated – First Offense in Cerro Gordo County, Iowa,

5

Case Number OWOM002198; (5) his arrest on or about March 12, 2001, (and subsequent conviction) for Possession of Marijuana in Cerro Gordo County, Iowa, Case Number SRCR009289; (6) his arrest on or about February 17, 2006, for Possession of Marijuana in Cerro Gordo County, Iowa, Case Number SRCR041652; (7) his arrest on or about July 25, 2006, for Possession of Marijuana in Cerro Gordo County, Iowa, Case Number SRCR015147; (8) his arrest on or about September 11, 2006, for Possession of Marijuana in Cerro Gordo County, Iowa, Case Number SRCR015295; (9) his arrest on or about August 3, 2006, for Assault in Cerro Gordo County, Iowa, Case Number 015518; (10) his arrest on or about October 4, 2001, for False Information to Law Enforcement Officer, a simple misdemeanor in violation of IOWA CODE § 718.6(3)(A) in Cerro Cordo, Iowa, County Case Number SMSM013400, which was dismissed; (11) his arrest on or about May 6, 2003, for Interference With Official Acts, a simple misdemeanor in violation of IOWA CODE § 719.1(1)A, for which he was sentenced to a fine in Cerro Gordo County, Iowa, Case Number SMSM016047; (12) his arrest on or about February 28, 2006, for Interference With Official Acts, a simple misdemeanor in violation of IOWA CODE § 719.1(1)A, in Cerro Gordo County, Iowa, Case Number SMSM021523, for which there has been no disposition; (13) his arrest on or about July 25, 2006, for Interference With Official Acts, a simple misdemeanor, in violation of IOWA CODE § 719.1(1)A, in Cerro Gordo County, Iowa, Case Number SMSM022377, for which there has been no disposition; (14) his arrest on or about August 24, 2006, for Harassment, a simple misdemeanor in violation of IOWA CODE § 708.7(4), in Cerro Gordo County, Iowa, Case Number SMSM022508, for which he was sentenced to one day in jail; (15) his arrest on or about August 24, 2006, for Harassment, a simple misdemeanor, in violation of IOWA CODE § 708.7(4), in Cerro Gordo County, Iowa, Case Number SMSM022557, for which he was sentenced to one day in jail; (16) any reference to law enforcement's allegations

6

that an individual jumping through a bathroom window at 819 North Delaware, Apartment 2 in Mason City, Iowa, was actually him, as this fact has never been established; (17) any reference to 5 wrapped chunks of apparent crack cocaine found underneath the passenger seat in a vehicle he was driving on March 10, 2001, because he was not charged with possession of the suspected crack cocaine, but the passenger was charged with possession of the crack cocaine. Defendant Eddie Jermane Lee contends that such evidence should be excluded as irrelevant pursuant to Rule 401 of the Federal Rules of Evidence, and/or as more prejudicial than probative pursuant to Rules 403 and 404(b) of the Federal Rules of Evidence.

As noted above, the government filed a belated response to Eddie Jermane Lee's Motion In Limine. In its response, the government states that it does not resist exclusion of the evidence identified in (1)-(2), (4)-(11), and (13)-(15), above. The government does expressly resist exclusion of the evidence identified in (3), (12), and (16), but makes no reference to the evidence identified in (17).

### 2. *Analysis*

#### a. *Misdemeanor convictions*

The court agrees with the parties that Eddie Jermane Lee's numerous arrests and convictions on misdemeanor charges, even those involving marijuana, are either irrelevant to proof of the charges in this case, and thus should be excluded pursuant to Rule 402 of the Federal Rules of Evidence, or have such scant relevance that their probative value is substantially outweighed by the danger of unfair prejudice, and thus should be excluded pursuant to Rules 403. The prejudice in question is that jurors might simply convict this defendant of charged offenses because he is a "bad actor." Similarly, the court finds that such evidence of prior misdemeanor convictions has scant value for any permissible purpose for admitting "bad acts" evidence under Rule 404(b), where, for example, none

7

of the prior arrests or convictions for misdemeanor offenses involve the controlled substance at issue here, crack cocaine. Similarly, none of the prior misdemeanor convictions qualify for use as impeachment evidence under Rules 608 or 609, even if this defendant testifies. Therefore, evidence identified in (1), (2), (4), (5), (6), (7), (8), (9), (10), (11), (13), (14), and (15) will be excluded.

The government contends, however, that the evidence identified in (12) above, concerning this defendant's arrest on or about February 28, 2006, for misdemeanor Interference With Official Acts, for which there has been no disposition, should not be excluded. The government contends that this charge arises from this defendant's flight from law enforcement officers. The government also contends that, after the defendant's flight, law enforcement officers seized a number of rocks of crack cocaine from the defendant's flight path based on officers' observations of the defendant throwing these items during his flight. The government asserts that the defendant's flight and his possession of crack cocaine in this incident should be admissible as direct evidence of his participation in the drug conspiracy and, as such, is admissible.

"Direct" evidence of a charged offense, that is, evidence showing a charged crime was committed or establishing an element of a charged crime, is not evaluated under Rule 404(b) of the Federal Rules of Evidence. *See, e.g., United States v. Evans*, 272 F.3d 1069, 1083 (8th Cir. 2001), *cert. denied*, 535 U.S. 1029 (2002); *United States v. Jones*, 266 F.3d 804, 814 (8th Cir. 2001); *United States v. Maynie*, 257 F.3d 909, 915-16 (8th Cir. 2001), *cert. denied*, 535 U.S. 944 (2002). Moreover, "[f]light from law enforcement officers can be probative of consciousness of guilt and may further a conspiracy." *United States v. Dierling*, 131 F.3d 722, 731 (8th Cir. 1997); *accord United States v. Johnson*, 470 F.3d 1234, 1237-38 (8th Cir. 2006). The court agrees with the government that evidence of the events underlying the prior conviction identified in (12) is "direct"

8

evidence of participation in a conspiracy involving crack cocaine. The arrest itself, and the resulting charge, are also "inextricably intertwined" with the incident and, hence, with the charged offenses. *See United States v. Fleck*, 413 F.3d 883, 890 (8th Cir. 2005) (evidence of a prior crime is admissible, if it is "closely or inextricably intertwined" with a charged offense). Thus, evidence of the prior "bad acts" related to item (12) and the resulting arrest and charge will be admissible, and the portion of defendant Lee's Motion In Limine seeking to exclude that evidence will be denied.

### b. *The prior felony conviction*

The parties dispute the admissibility of evidence of defendant Lee's October 5, 2001, arrest for state felony drug charges resulting in a conviction for a Tax Stamp Violation in Cerro Gordo County, Iowa, Case Number FECR009987, identified in (3) above. Defendant Lee admits that the admissibility of this felony offense is a close question, because the tax stamp violation did involve crack cocaine. However, he contends that the conviction occurred two years prior to the timeframe of the conspiracy charged in this case and presents a severe risk of distracting the jurors from the question of whether or not he was involved in a crack cocaine conspiracy from 2003 to 2007.[1] Thus, he contends that evidence of this conviction is more prejudicial than probative. The government contends that this conviction is admissible pursuant to Rule 404(b) for purposes of showing motive, intent, plan, and absence of mistake, because the evidence is reasonably close in time and circumstances to the conduct charged against this defendant in Counts 1, 6, and 7 of the Superseding Indictment.

---

[1]Defendant Lee's motion was filed before the Superseding Indictment was filed amending the alleged start date for the conspiracy from January 2004 to January 2003, so he asserted that the conviction was three years prior to the timeframe of the conspiracy, when it is two years prior to the timeframe of the conspiracy as currently charged.

9

Rule 404(b) prohibits admission of prior convictions and "bad acts" simply to show a propensity to commit a charged offense, but does permit such evidence to be admitted for "other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." FED. R. EVID. 404(b). The Eighth Circuit Court of Appeals has explained the scope of admissibility of evidence pursuant to Rule 404(b), as follows:

> While we have interpreted Rule 404(b) to be a rule of inclusion, *see United States v. Sykes*, 977 F.2d 1242, 1246 (8th Cir. 1992), this interpretation does not give the government the unhindered ability to introduce evidence of prior crimes. Instead, the evidence of prior crimes must be 1) relevant to a material issue; 2) similar in kind and not overly remote in time to the charged crime; 3) supported by sufficient evidence; and 4) such that its potential prejudice does not substantially outweigh its probative value. *See United States v. Williams*, 308 F.3d 833, 837 (8th Cir. 2002).

*United States v. Crenshaw*, 359 F.3d 977, 998 (8th Cir. 2004); *accord United States v. Lakoskey*, 462 F.3d 965, 979-80 (8th Cir. 2006) (reiterating that Rule 404(b) is a rule of inclusion and that evidence is admissible under Rule 404(b) if it satisfies the same four-factor test), *cert. denied*, ___ U.S. ___, 127 S. Ct. 1388 (2007). Thus, the Eighth Circuit Court of Appeals will reverse admission of purported Rule 404(b) evidence "'only when such evidence clearly had no bearing on the case and was introduced solely to prove the defendant's propensity to commit criminal acts.'" *United States v. Marquez*, 462 F.3d 826, 830 (8th Cir. 2006) (quoting *United States v. Thomas,* 398 F.3d 1058, 1062 (8th Cir. 2005), with internal quotations omitted).

As to the first factor in the test for admissibility of such evidence, relevance to a material issue, *see Lakoskey*, 462 F.3d at 979-80; *Crenshaw*, 359 F.3d at 998, the Eighth Circuit Court of Appeals has "frequently upheld the admission of prior drug convictions

Case 3:07-cr-03004-LTS   Document 78   Filed 05/17/07   Page 10 of 35

to show knowledge and intent when the defendant denied the charged drug offense." *Marquez*, 462 F.3d at 830. Thus, defendant Lee's prior conviction for a crack cocaine offense is relevant. The prior felony conviction involving crack cocaine at issue is also "similar in kind" to the charged offenses here, as it involved precisely the same controlled substance, and occurred within a few years prior to trial, so that it is not remote in time from the charged offenses. *Lakoskey*, 462 F.3d at 979-80 (second factor); *Crenshaw*, 359 F.3d at 998 (same). The court has not been apprised of what evidence the government intends to offer to prove this prior conviction, but finds that a judgment and sentencing order would be sufficient evidence to support use of the prior conviction. *Id.* (third factor); *Crenshaw*, 359 F.3d at 998 (same); *see also United States v. Ruiz-Estrada*, 312 F.3d 398, 403-04 (8th Cir. 2002) (the government offered sufficient reliable evidence of a prior conviction in the form of a certified copy of the criminal complaint and a warrant of commitment). Finally, as to the fourth factor, the balance of probative value and prejudice, *Lakoskey*, 462 F.3d at 979-80 (fourth factor); *Crenshaw*, 359 F.3d at 998 (same); *see also Clark v. Martinez*, 295 F.3d 809, 814 (8th Cir. 2002) (Rule 403 applies to evidence otherwise admissible pursuant to Rule 404(b)); *United States v. Mound*, 149 F.3d 799, 801-02 (8th Cir. 1998) (same), *cert. denied*, 525 U.S. 1089 (1999), the court finds that there is no substantial potential for unfair prejudice in this case as to the evidence of one prior felony conviction involving crack cocaine.

Moreover, any potential for prejudice of such evidence will be mitigated by the limited evidence that the court will permit the government to introduce to prove the prior conviction, consisting only of the judgment and sentencing order for that offense. *Cf. United States v. Headbird*, 461 F.3d 1074, 1078 (8th Cir. 2006) (a defendant is not unduly prejudiced where the evidence of prior convictions consists of "little beyond the fact and nature" of the prior offenses). Any potential for prejudice will also be mitigated by a

11

limiting instruction reminding the jurors that they may consider this evidence only for a purpose permissible under Rule 404(b), not to decide whether defendant Lee is guilty of a charged offense. *See United States v. Walker*, 470 F.3d 1271, 1275 (8th Cir. 2006) ("[A] limiting instruction [concerning proper use of evidence of a prior conviction] diminishes the danger of unfair prejudice arising from the admission of the evidence."); *United States v. Spears*, 469 F.3d 1166, 1170 (8th Cir. 2006) (also finding a limiting instruction adequate to guard against potential prejudice), *petition for cert. filed* (March 2, 2007) (No. 06-9864); *Marquez*, 462 F.3d at 830 (there was no abuse of discretion in admitting evidence of prior drug convictions where the district court gave such a limiting instruction); *and compare Crenshaw*, 359 F.3d at 1001-02 (the government's actual use of the evidence of a prior conviction did not demonstrate that the evidence was used to prove intent and the court's instruction failed to mention intent as a basis for considering the evidence).

Therefore, evidence of defendant Lee's prior felony conviction involving crack cocaine, as identified in (3), above, will be admissible at trial, and the portion of defendant Lee's Motion In Limine seeking to exclude that evidence will be denied.

### c.    Other "bad acts"

In paragraph (16) of his Motion In Limine, defendant Lee seeks to exclude any reference to law enforcement's allegations that an individual jumping through a bathroom window at 819 North Delaware, Apartment 2 in Mason City, Iowa, on September 4, 2006, was actually him, as this fact has never been established. He explains that law enforcement officers allegedly found a baggie of suspected crack cocaine sitting on the edge of the bathtub by the toilet in the bathroom from which the person was seen escaping out the window. Defendant Lee directs the court's attention to the transcript of the pertinent discussion of this incident at his detention hearing, which he attached to his

supporting brief.  Defendant Lee argues that identification of him as the person fleeing the bathroom is so speculative that evidence of the incident is more prejudicial than probative. The government counters that defendant Lee has a track record of fleeing from law enforcement officers, that his keys were found at the scene, and that Deanna Johnson gave a statement that she paid the rent at this residence for defendant Lee.  Thus, the government argues that there is sufficient circumstantial evidence of defendant Lee's presence and participation in crack cocaine distribution at the residence to be admissible, notwithstanding that there was no direct sighting of defendant Lee as the person fleeing the residence.

The court noted, above, that "[f]light from law enforcement officers can be probative of consciousness of guilt and may further a conspiracy." *Dierling*, 131 F.3d at 731; *accord Johnson*, 470 F.3d at 1237-38.  Thus, evidence that a defendant fled from law enforcement officers is probative of issues in the case.  While probative evidence may be excluded, if its danger of undue prejudice or misleading the jury substantially outweighs its probative value, *see* Fed. R. Evid. 404(b), the court is not convinced that evidence of this incident raises a Rule 404(b) issue.  Rather, evidence that a defendant fled from law enforcement officers, leaving behind crack cocaine, seems to the court to be "direct" evidence of the charged offenses.  *See, e.g., Evans*, 272 F.3d at 1083 ("direct" evidence of a charged offense, that is, evidence showing a charged crime was committed or establishing an element of a charged crime, is not evaluated under Rule 404(b)).  The question presented by evidence of this incident, in the court's view, is what *weight* reasonable jurors could give the evidence tying defendant Lee to the residence and suggesting that he is the person who fled the residence, not the *admissibility* of evidence of the incident.  Therefore, defendant Lee's Motion In Limine will be denied as to the evidence identified in paragraph (16).

13

The final item of evidence that defendant Lee seeks to exclude, in paragraph (17) of his Motion In Limine, is any reference to 5 wrapped chunks of apparent crack cocaine found underneath the passenger seat in a vehicle he was driving on March 10, 2001, because he was not charged with possession of the suspected crack cocaine, but the passenger was charged with possession of the crack cocaine. Defendant Lee makes no argument for exclusion of this specific evidence in his brief and the government has not responded to the portion of Lee's Motion In Limine seeking to exclude this evidence. Nevertheless, the court concludes that the evidence will be excluded, pursuant to Rule 403, because it invites a confusing "mini-trial" over who actually possessed the crack cocaine in the March 10, 2002, incident and such evidence is cumulative of other evidence of defendant Lee's involvement with crack cocaine, if it does, indeed, suggest anything about Lee's involvement with crack cocaine, when only the passenger in the vehicle was apparently charged with possession of the crack cocaine found in the vehicle. Moreover, the government has not asserted that evidence of this incident is admissible for any purpose permitted by Rule 404(b) or for impeachment, if defendant Lee testifies. As such, the evidence merely suggests a propensity of defendant Lee to associate with people who engage in illegal conduct involving crack cocaine, which is not a proper basis for a jury to determine his guilt or innocence on the charged offenses. Therefore, the evidence described in paragraph (17) of defendant Lee's Motion In Limine will be excluded.

### 3. *Summary*

In summary, defendant Lee's March 14, 2007, Motion In Limine (docket no. 37) will be granted as to the evidence identified in paragraphs (1)-(2), (4)-(11), (13)-(15), and (17) of that Motion, but will be denied as to the evidence identified in paragraphs (3), (12), and (16) of that Motion.

14

## B.  Defendant Orondee Maxwell's Motion In Limine

### 1.  The challenged evidence

In his April 30, 2007, Motion In Limine (docket no. 40), defendant Orondee Jacquell Maxwell seeks to exclude the following items or categories of evidence:  (1) his prior criminal history; (2) opinions that he is a drug dealer or convicted felon; (3) identification of his voice on a particular tape or monitored call, unless the person making the identification is an expert in voice recognition; (4) identification of him as the "Rock"; (5) his lack of employment history; and (6) co-conspirator hearsay.  The government filed a belated response to this motion on May 15, 2007 (docket no. 66), asserting that some or all of the evidence in several of the challenged categories will be offered and is admissible.  Therefore, the court will consider the admissibility of each challenged category of evidence in turn.

### 2.  Analysis

#### a.  Prior criminal history

Defendant Orondee Maxwell first seeks to exclude evidence of his prior criminal history, consisting of a February 2006 felony drug conviction, for which he received a ten-year prison sentence, which was suspended with three years probation; a November 2006 assault charge; and a December 2006 fifth-degree theft charge.  The government represents that it has agreed not to present evidence of this defendant's assault and theft convictions, but with the latter conviction subject to use as impeachment evidence if this defendant testifies.  Thus, the focus of this portion of defendant Orondee Maxwell's motion is the disputed admissibility of the February 2006 felony drug conviction.

In support of exclusion of evidence of that conviction, defendant Orondee Maxwell argues that the government has not given notice of intent to use evidence of the conviction pursuant to Rule 404(b).  In its response, however, the government asserts that it will seek

15

to introduce evidence of this conviction because such evidence is direct evidence of this defendant's participation in the drug-trafficking conspiracy with which he is charged in **Count 1**, and such evidence constitutes admissible evidence under Rule 404(b) for purposes of proving motive, intent, plan, and absence of mistake. The government argues that the prior felony conviction is close in time and circumstances to the conduct charged in **Counts 1, 3, 4, and 5** of the Superseding Indictment, and is consistent with the method of drug trafficking described by cooperating witnesses and charged in this case.

The court agrees that the February 2006 felony drug conviction is admissible, either as "direct" evidence of the drug trafficking charged in this case, or as Rule 404(b) evidence. It is "direct" evidence in that it directly shows that the charged crimes were committed or establishes elements of a charged crime, where it involved conduct also charged in this case. *See, e.g., Evans*, 272 F.3d at 1083 ("direct" evidence of a charged offense, that is, evidence showing a charged crime was committed or establishing an element of a charged crime, is not evaluated under Rule 404(b) of the Federal Rules of Evidence).

As Rule 404(b) evidence, the prior conviction is admissible under the four-factor test used in this Circuit. First, it is relevant to a material issue, *see Lakoskey*, 462 F.3d at 979-80; *Crenshaw*, 359 F.3d at 998, because the Eighth Circuit Court of Appeals has "frequently upheld the admission of prior drug convictions to show knowledge and intent when the defendant denied the charged drug offense." *Marquez*, 462 F.3d at 830. The prior felony conviction involving crack cocaine is also "similar in kind" to the charged offenses here, as it involved precisely the same controlled substance, and occurred within the period of the alleged conspiracy and close in time to other charged offenses. *Lakoskey*, 462 F.3d at 979-80 (second factor); *Crenshaw*, 359 F.3d at 998 (same). The court has not been apprised of what evidence the government intends to offer to prove this prior

16

conviction, but nevertheless finds that a judgment and sentencing order would be sufficient evidence to support use of the prior conviction. *Id.* (third factor); *Crenshaw*, 359 F.3d at 998 (same); *see also Ruiz-Estrada*, 312 F.3d at 403-04 (the government offered sufficient reliable evidence of a prior conviction in the form of a certified copy of the criminal complaint and a warrant of commitment). Finally, as to the fourth factor, the balance of probative value and prejudice, *Lakoskey*, 462 F.3d at 979-80 (fourth factor); *Crenshaw*, 359 F.3d at 998 (same); *see also Martinez*, 295 F.3d at 814 (Rule 403 applies to evidence otherwise admissible pursuant to Rule 404(b)); *Mound*, 149 F.3d at 801-02 (same), the court finds that there is no substantial potential for unfair prejudice in this case as to the evidence of one prior felony conviction involving crack cocaine.

Any potential for prejudice of such evidence will be mitigated by the limited evidence that the court will permit the government to introduce to prove the prior conviction, consisting only of the judgment and sentencing order for that offense, *cf. Headbird*, 461 F.3d at 1078 (a defendant is not unduly prejudiced where the evidence of prior convictions consists of "little beyond the fact and nature" of the prior offenses), and a limiting instruction reminding the jurors that they may consider this evidence only for a purpose permitted by Rule 404(b), not to decide whether defendant Orondee Maxwell is guilty of a charged offense. *See Walker*, 470 F.3d at 1275 ("[A] limiting instruction [concerning proper use of evidence of a prior conviction] diminishes the danger of unfair prejudice arising from the admission of the evidence."); *Spears*, 469 F.3d at 1170 (also finding a limiting instruction adequate to guard against potential prejudice); *Marquez*, 462 F.3d at 830 (there was no abuse of discretion in admitting evidence of prior drug convictions where the district court gave such a limiting instruction); *and compare Crenshaw*, 359 F.3d at 1001-02 (the government's actual use of the evidence of a prior

Case 3:07-cr-03004-LTS   Document 78   Filed 05/17/07   Page 17 of 35

conviction did not demonstrate that the evidence was used to prove intent and the court's instruction failed to mention intent as a basis for considering the evidence).

Therefore, evidence of defendant Orondee Maxwell's contemporaneous felony conviction involving crack cocaine, as identified in the first challenged category of evidence in his Motion In Limine, will be admissible at trial, and the portion of defendant Orondee Maxwell's Motion In Limine seeking to exclude that evidence will be denied. However, evidence of the other two convictions referenced in his motion will be excluded from the government's case in chief on the government's representation that it has agreed not to use such evidence in its case in chief.[2]

### b. Opinions about the defendant

Next, defendant Orondee Maxwell seeks to exclude evidence of opinions that he is a drug dealer or convicted felon. The government represents that it does seek to present evidence that this defendant was previously convicted of a drug-trafficking felony. The government explains that certain items seized from him, at locations where he resided or allegedly participated in drug-trafficking, are consistent with or indicative of crack cocaine distribution.

The court concludes that the evidence that the government intends to introduce falls outside of the scope of this defendant's Motion In Limine, because the court does not read the defendant's motion to seek exclusion of opinion testimony that evidence of the kind identified by the government *is consistent with* drug-trafficking. *See, e.g., United States*

---

[2]The court has received insufficient information from the parties to determine whether the theft conviction might be admissible for impeachment purposes under Rule 609(a)(1), although it does not appear to be admissible under Rule 609(a)(2), because it is not necessarily a crime of dishonesty or false statement. *See United States v. Yeo*, 739 F.2d 385, 387-88 (8th Cir. 1984).

Case 3:07-cr-03004-LTS   Document 78   Filed 05/17/07   Page 18 of 35

*v. Taylor*, 462 F.3d 1023, 1026-27 (8th Cir. 2006) (a police officer could permissibly testify that certain conduct, possession of a large quantity of drugs and possession of firearms, was consistent with drug dealing, because such testimony assists the jurors in understanding the business of drug trafficking). However, opinions that the defendant *is* a drug dealer or convicted felon are inappropriate, because it is for the jury to decide whether the evidence proves that the defendant was dealing drugs, as charged, and whether he has one or more prior (or contemporaneous) felony convictions, and an opinion to that effect is unnecessary to assist the jury. *See* FED. R. EVID. 701 (lay opinion testimony must be "helpful to a clear understanding of the witness' testimony or the determination of a fact in issue"); FED. R. EVID. 702 (expert testimony must be such that it will assist the trier of fact to understand the evidence or to determine a fact in issue).[3]

Thus, this portion of defendant Orondee Maxwell's Motion In Limine will be granted to exclude opinions that the defendant *is* a drug dealer or felon, but will be denied to the extent that the defendant seeks to exclude opinions that certain evidence pertaining to this defendant *is consistent with* drug trafficking.

### c.    *Voice identification*

As the third category of evidence that he seeks to exclude, defendant Orondee Maxwell has identified any identification of his voice on a particular tape or monitored call, unless the person making the identification is an expert in voice recognition. He asserts that this portion of his motion is "pursuant to Rule 701." The government asserts

_____

[3]The court is less convinced of, but does not wholly reject, the notion that such opinion testimony may trespass on the forbidden zone of testifying that the defendant did have the mental state or condition constituting an element of the crime charged, as the defendant contends. *See* FED. R. EVID. 704(b)("Such ultimate issues are matters for the trier of fact alone."); *see also United States v. Wang*, 49 F.3d 502, 504-05 (9th Cir. 1995).

19

that it will offer, and the court should admit, identification of this defendant's voice by a confidential informant who has known this defendant for some time (by the alias "Rock"), has engaged in drug transactions with him, and actually spoke to this defendant by telephone and in person during "controlled buys" charged in this case. The government also asserts that it will offer, and the court should admit, identification of this defendant's voice by a law enforcement officer who had numerous contacts with the defendant and can also identify his voice on recordings made during the "controlled buys."

Rule 701 of the Federal Rules of Evidence pertains to opinion testimony of lay witnesses, not experts. It provides as follows:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

FED. R. EVID. 701. Here, voice identifications by witnesses familiar with the defendant's voice, based on long or frequent association or interaction with the defendant, would meet the requirements of this rule, because they would be rationally based on the witnesses' perception, helpful to the determination of a fact in issue (whether the defendant was a participant in a recorded conversation), and not based on scientific, technical, or other specialized knowledge within the scope of Rule 702, but on the witnesses' perceptions. Although the defendant is welcome to attempt to impeach such identifications on the ground that the opinions were not offered by experts in voice identification, whether a lay witness's identification of a recorded voice as the voice of the defendant should be given any weight seems to be a matter well within the purview of the jury. *See, e.g., United States v. Arrellano-Garcia*, 471 F.3d 897, 901 (8th Cir. 2006) (evidence was sufficient to

20

support a conviction on a charge of distributing methamphetamine, where a cooperating co-defendant identified the defendant's voice on a tape-recording of a drug deal). This portion of defendant Orondee Maxwell's Motion In Limine will be denied.

### d.    Identifications by alias

Next, Orondee Maxwell seeks to exclude any identification of him as the "Rock," an alias charged in the Superseding Indictment. He contends that use of this alias is not necessary to fully identify him, and use of the alias would be prejudicial, because he is indicted for trafficking in crack cocaine, which is distributed in "rocks" or referred to as "rock." The government, on the other hand, asserts that cooperating witnesses either knew this defendant only as "Rock" or knew and used this nickname in conversations. Thus, the government seeks to present evidence of the names by which the defendant represented himself to others or by which others knew him.

Although the Eighth Circuit Court of Appeals has recommended that aliases not be used, it has also upheld their use. *See United States v. Evans*, 272 F.3d 1069, 1090 (8th Cir. 2001) (comparing *Petrilli v. United States*, 129 F.3d 101, 104 (8th Cir.), *cert. denied*, 317 U.S. 657 (1942), with *United States v. Bradford*, 246 F.3d 1107, 1117-18 (8th Cir. 2001)). In *Evans*, the court upheld the use of an alias, even though another, older person was also known to some witnesses by that alias, where the evidence was sufficient to distinguish the two persons using the same alias. *Id.* The Eighth Circuit Court of Appeals has recognized that "[i]n some cases, the use of a defendant's irrelevant nickname to suggest his bad character or unsavory proclivities may be prejudicial." *United States v. Delpit*, 94 F.3d 1134, 1146 (8th Cir. 19 96). On the other hand, the Eighth Circuit Court of Appeals has also noted that "[t]he repeated use of an alias is probative of consciousness of guilt." *United States v. Bryson*, 110 F.3d 575, 565 (8th Cir. 1997) (citing *United States v. Valencia-Lucena*, 925 F.2d 506, 513 (1st Cir. 1991), and *United States v. Eggleton*, 799

21

F.2d 378, 381 (8th Cir. 1986)). Moreover, use of a nickname or alias may be appropriate where the defendant is identified or referred to exclusively by that nickname or alias. *Delpit*, 94 F.3d at 1146. Here, the use of defendant Orondee Maxwell's purported alias or nickname "Rock" is not merely an irrelevancy intended to suggest some unsavory proclivity, *see id.*, but evidence of repeated use of an alias that is probative of consciousness of guilt. *See Bryson*, 110 F.3d at 565. There is also evidence that this alias is the only name by which certain witnesses knew this defendant. *See Delpit*, 94 F.3d at 1146. Under the circumstances, the court concludes that use of this defendant's alias "Rock" is both probative and not unfairly prejudicial. Finally, the court will give an extensive instruction that, where a person who allegedly committed an offense is known by an alias or nickname, the government must prove beyond a reasonable doubt, as an element of the offense, that the defendant is the person who committed the offense. Therefore, this portion of defendant Orondee Maxwell's motion in limine will be denied.

### e.    *Lack of employment history*

The fifth category or item of evidence that defendant Orondee Maxwell seeks to exclude is evidence of his lack of employment history. Defendant Orondee Maxwell acknowledges that his employment history is sparse, but nevertheless contends that evidence of his employment history should be excluded, because it constitutes prejudicial character evidence that the government will try to use to show that he had no other source for the cash found on his person at the time of his arrest, so he must be a drug dealer. The government represents that it will seek to introduce evidence from cooperating witnesses that this defendant worked as a drug distributer (and was not known by said witnesses to work otherwise) and was available to them or others on a constant basis for drug distribution.

22

The Eighth Circuit Court of Appeals has recognized that evidence that a defendant lacked regular employment, but nevertheless could afford to pay for unusual items—in that case, four or five flights to Los Angeles within approximately a year—was evidence suggesting that the defendant was supporting himself in a way other than by legitimate employment.  *See United States v. Sparks*, 949 F.2d 1023, 1028 (8th Cir. 1991) (considering sufficiency of the evidence for a reasonable juror to find the defendant guilty of conspiracy to possess drugs with intent to distribute them).  Similarly, here, this defendant's lack of employment history, while possessing quantities of cash found on his person, may reasonably suggest that he was supporting himself in a way other than by legitimate employment and, as such, is relevant and admissible pursuant to Rules 401 and 402.  Nor is the court convinced that the evidence is so unfairly prejudicial that it should nevertheless be excluded pursuant to Rule 403, if there is other evidence suggesting that this defendant was supporting himself by dealing drugs.  Therefore, this portion of defendant Orondee Maxwell's Motion In Limine will also be denied.

### f.    *Co-conspirator hearsay*

Finally, defendant Orondee Maxwell seeks to exclude any purported co-conspirator hearsay.  He acknowledges the procedure for handling objections to purported co-conspirator hearsay outlined in *United States v. Bell*, 573 F.2d 1040 (8th Cir. 1978), but gives notice of his intent to assert appropriate objections.  The government, likewise, acknowledges the requirements of Rule 801(d)(2)(E) and *Bell*, and represents that it will comply with those requirements.  The government explains that it will offer co-conspirator hearsay directed specifically at this defendant, as well as such evidence directed at the overall conspiracy.  The court finds that this part of defendant Orondee Maxwell's Motion In Limine should be denied, where the parties and the court will adhere to the *Bell* procedures at trial.

23

### 3. Summary

To summarize, defendant Orondee Maxwell's Motion In Limine will be granted as to his assault and theft convictions, but denied as to his felony drug conviction; granted to exclude opinions that the defendant *is* a drug dealer or felon, but denied as to opinions that certain evidence pertaining to this defendant *is consistent with* drug trafficking; denied as to lay opinions identifying the defendant's voice on recordings; denied as to evidence of his lack of employment history; and denied as to co-conspirator hearsay.

### C. Defendant Antione Maxwell's Motions

### 1. Defendant Antione Maxwell's motions in limine

#### a. The challenged evidence

On April 30, 2007, defendant Antione Diandre Maxwell filed a two-page Motion In Limine Regarding Purported Drug Activity (docket no. 41), without a supporting brief, seeking to exclude five items or categories of evidence. The challenged evidence was identified as follows: (1) any and all unlawful and/or bad acts that law enforcement agents alleged or suspected that he was involved in; (2) any references to the defendant being involved in drug activity or frequenting "drug houses" based upon his presence at 702 Delaware Avenue, 702 ½ Delaware Avenue and 536 East State Street in Mason City, Iowa; (3) any references to the defendant staying or living at a residence or residences where drugs and/or firearms were allegedly kept or discovered by law enforcement agents if the defendant was not charged with drug or firearm possession as a result thereof; (4) any references that the defendant was picked up on an arrest warrant, at which time a police officer purportedly discovered a plastic bag containing individually wrapped plastic bags purportedly containing drugs; and (5) any references to any and all of the defendant's prior convictions. Although defendant Antione Maxwell filed no supporting brief, he cited

in support of his motion Rule 403 of the Federal Rules of Evidence and *United States v. Hill*, 249 F.3d 707, 713 (8th Cir. 2001), and argued that any reference to or introduction of the challenged evidence would provide the jury with the idea that he was in fact involved with drugs himself or was a member of a drug conspiracy, which would make the jurors inclined to convict him. On May 14, 2007, the government filed a Response (docket no. 60) in which the government identified the evidence that it believed might fall within each challenged category of evidence and asserted that all of the evidence that it had identified was admissible. Therefore, the government requested that the court deny defendant Antione Maxwell's Motion In Limine.

Whether by coincidence or in response to the government's response to his first motion, the court does not know, but on May 14, 2007, defendant Antione Maxwell filed a second Motion In Limine Regarding Prior Bad Acts (docket no. 61), this one three pages long, but still without a supporting brief, again challenging five items or categories of evidence. Most of the items or categories challenged in defendant Antione Maxwell's second motion are identical to the items or categories of evidence challenged in his first motion, albeit with slightly more detail. Those five categories of evidence are identified as follows, with italicized portions showing the differences between the second motion and the first motion: (1) any and all *unsubstantiated* unlawful acts that the defendant was believed to be involved in by law enforcement agents; (2) any references to the defendant being present at 702 Delaware Avenue, 702½ Delaware Avenue and 536 E. State Street in Mason City, Iowa, *if said references are accompanied by references that any or all of those houses are "drug houses," "crack houses" (or similar descriptions) if the defendant was not arrested for violating the law at any of those facilities*; (3) any references to the defendant staying or living at a residence or residences where drugs and/or firearms were discovered by law enforcement agents if the defendant had not been charged with drug or

25

firearm possession, *and specifically, reference to a fully loaded Norinco 9 mm handgun and extra magazine found in the apartment of Candice Hughes on August 4, 2006*; (4) any references that the defendant was picked up on an arrest warrant during which time a police officer purportedly discovered a bag containing *32* individually wrapped plastic bags purportedly containing crack cocaine; and (5) *any references by any government witness that the witness had an opinion or received information that the defendant was a drug dealer or part of a group of individuals involved in dealing drugs*. The government filed a response to defendant Antione Maxwell's second motion, which also differs only in some respects from its response to the original motion.

As mentioned above, on May 16, 2007, defendant Antione Maxwell attempted to file an "unresisted" motion for leave to file out of time briefs in support of his Motions In Limine (docket no. 74), but that motion and the improperly filed late briefs (docket nos. 75, 76, and 77) were stricken. Therefore, the court has not considered those briefs.

Because of the overlap between the motions, the court will refer to and consider them "collectively," taking in turn the items or categories of evidence challenged in the motions.

### b. *Analysis*

*i.* **"Bad acts" evidence**. Defendant Antione Maxwell first seeks to exclude any and all unsubstantiated unlawful acts that he was believed to be involved in by law enforcement agents. In its response to the first Motion In Limine, the government acknowledged that it does intend to offer evidence of conduct of this defendant, at various times and places, that is consistent with or indicative of drug trafficking. In response to the Second Motion In Limine, the government asserted that it was unable to respond to this portion of the defendant's motion, owing to the lack of specificity.

26

The court finds that this portion of defendant Antione Maxwell's Motions In Limine—even amplified by adding "unsubstantiated" to the statement of the evidence in question in the second motion—is a classic example of evidence too vaguely identified for the court to determine its admissibility pretrial. The court simply has no basis to determine, for example, whether such "bad acts" evidence is or is not admissible pursuant to Rules 403, 404, or 609 of the Federal Rules of Evidence. Therefore, this part of defendant Antione Maxwell's Motions In Limine will be denied.

*ii.* ***References to "crack houses."*** Next, defendant Antione Maxwell seeks to exclude any references to his being present at 702 Delaware Avenue, 702½ Delaware Avenue, and 536 E. State Street in Mason City, Iowa, if said references are accompanied by references that any or all of those houses are "drug houses," "crack houses" (or similar descriptions) if he was not arrested for violating the law at any of those "facilities." The government responded to the original version of this defendant's motion by asserting that it will seek to present evidence of this defendant's conduct in the distribution of crack cocaine from several different locations in Mason City during the time period of the conspiracy including evidence seized from this defendant's residence and locations where he was observed in the drug distribution process (consistent with or indicative of drug trafficking), including 702 Delaware Street. In its response to this portion of this defendant's second motion, the government added that whether or not this defendant was specifically charged with a substantive offense on a particular date regarding a particular location is irrelevant to the admissibility of the evidence, where the defendant is charged with conspiracy to distribute crack cocaine during the time period in which evidence was seized from various locations.

The court finds that the defendant has been arrested and charged with conspiracy to manufacture and distribute crack cocaine from about January 2003 through January

27

2007, as well as other drug-trafficking offenses. Thus, if the government's evidence shows that any of the charged drug-trafficking activity pursuant to or in furtherance of the conspiracy occurred at any of the locations identified in this part of defendant Antione Maxwell's motion, then the defendant has been arrested for violating the law at those locations, among others. In an attempt to address the defendant's real concern—which is not altogether clear—the court will consider whether references to certain locations as "crack houses," "drug houses," or similar descriptions, is somehow irrelevant or unfairly prejudicial. The term "crack house" has some currency in both the drug-trafficking business and law enforcement, so that it may be helpful to the jury to understand the business of drug trafficking. *Cf. Taylor*, 462 F.3d at 1026-27 (a police officer could permissibly testify that certain conduct, possession of a large quantity of drugs and possession of firearms, was consistent with drug dealing, because such testimony assists the jurors in understanding the business of drug trafficking). Thus, because such a description has no specific legal meaning, and does not require scientific, technical, or specialized knowledge to apply, the court finds that such a description is neither irrelevant nor prejudicial, *if there is evidence of drug activity at the location in question,* so that such a description is helpful, and *if the person using such a description is aware of such drug activity at the location in question*, so that such a description is rationally based on the perception of the witness. *See* Fed. R. Evid. 701 (a lay witness may give an opinion if it is rationally based on the perception of the witness, helpful to a clear understanding of the witness's testimony or the determination of a fact in issue, and not based on scientific, technical, or other specialized knowledge).

Therefore, this portion of defendant Antione Maxwell's Motions In Limine will be denied.

Case 3:07-cr-03004-LTS   Document 78   Filed 05/17/07   Page 28 of 35

***iii.***      ***References to the defendant residing where drugs or firearms were found***.
Next, defendant Antione Maxwell seeks to exclude any references to his staying or living
at a residence or residences where drugs and/or firearms were discovered by law
enforcement agents if he was not charged with drug or firearm possession, and
specifically, reference to a fully loaded Norinco 9 mm handgun and extra magazine found
in the apartment of Candice Hughes on August 4, 2006. He explains that, although
Ms. Hughes purportedly claimed that the firearm was not hers, she also declined to
comment about the gun when asked by police. He contends that there was no evidence,
such as fingerprints, that could link him to the handgun. He explains, further, that
government witnesses should not be allowed to testify about items found in a safe that,
according to Ms. Hughes, belonged to him. Inside the safe were a scale, plastic bags and
a shoe box containing packaging material. Antione Maxwell asserts that the government
will, undoubtedly, contend that the items found in the safe are evidence of his involvement
in drug activity, but he argues that there was nothing in the safe that could establish that
its contents belonged to him. The government's general response to the generalized nature
of this part of this defendant's first motion was to assert, in essence, that it does intend to
present evidence consistent with or indicative of this defendant's drug trafficking at various
times and locations. In response to defendant Antione Maxwell's more specific
identifications of the evidence in question, the government asserts that evidence of the
9 mm handgun, packaging materials, and digital scale seized at 536 East State Street where
this defendant resided, pursuant to a search warrant after his arrest, is relevant to show his
drug trafficking.

Defendant Antione Maxwell's original motion did not identify either the 9 mm
handgun or the contents of the safe as the focus of his motion. Indeed, this part of his
original motion is another example of a motion in limine that is so vague that the court

Case 3:07-cr-03004-LTS   Document 78   Filed 05/17/07   Page 29 of 35

cannot possibly assess the admissibility of the evidence pretrial. The issues of the admissibility of the evidence concerning the 9 mm handgun and the safe, however, are probably stated with sufficient specificity in this defendant's second motion in limine for the court to rule pretrial.

There is no question of the close association between guns and drug trafficking, so that evidence that a defendant possessed a firearm is generally probative and admissible in a trial on drug charges. *See, e.g., United States v. Sherman*, 440 F.3d 982, 986 (8th Cir. 2006) ("There is a well-known connection between firearms and drug trafficking, and we often have held that evidence of firearms is relevant and admissible in a prosecution of drug trafficking charges.") (citing cases). The evidence found in the safe is also consistent with the distribution of drugs and, therefore, is generally probative and admissible. *See, e.g., United States v. Dodd*, 473 F.3d 873, 877 (8th Cir. 2007) (evidence that a search of the defendant's residence revealed baby food jars with cocaine residue inside, a scale, and packaging material, which, taken together, was consistent with the distribution of cocaine). The only question appears to be whether the government can establish a connection between the gun and the drug paraphernalia found in the safe, which is a question going to the weight, not the admissibility, of the evidence, at least where the government has made a *prima facie* showing that Candice Hughes's testimony may be sufficient to establish the necessary connection. The evidence is not "prejudicial," simply because it tends to show that this defendant possessed a firearm and drug distribution paraphernalia.

Therefore, this portion of defendant Antione Maxwell's Motions In Limine will also be denied.

iv. *References to arrest of the defendant and discovery of drug packaging*. Defendant Antione Maxwell also seeks to exclude any references that he was picked up on

30

an arrest warrant, at which time a police officer purportedly discovered a bag containing 32 individually wrapped plastic bags purportedly containing crack cocaine. He was not formally charged with an offense related to those drugs and, he argues further, it is significant that the drugs were not found on him or in the vicinity where he was apprehended. The government responds that this evidence is admissible evidence of conduct consistent with or indicative of drug trafficking. Indeed, in its response to this defendant's second motion, the government asserted that such evidence is "direct" evidence of the defendant's participation in drug trafficking.

While evidence of packaging and numerous individual packages of crack cocaine is certainly evidence of drug trafficking, *see id.*, the court has some doubt that the incident in question has been described in sufficient detail for the court to determine the admissibility of the evidence in question pretrial. Specifically, the parties' descriptions of the incident do not provide the court with sufficient detail to determine whether any connection can be inferred between this defendant and the packages of crack cocaine. Therefore, the court will deny this portion of defendant Antione Maxwell's motions without prejudice to reassertion of a challenge to the evidence at trial.

*v.* ***Prior convictions***. In his original Motion In Limine, the fifth and final category of evidence that defendant Antione Maxwell sought to exclude was described as any references to any and all of the defendant's prior convictions. The court will assume that this defendant did not intend to drop his attempt to exclude this category of evidence by failing to reiterate it in his second Motion In Limine. However—as was the case with the portions of this defendant's Motions In Limine seeking to exclude any and all unsubstantiated unlawful acts that he was believed to be involved in by law enforcement agents—the court finds that this portion of defendant Antione Maxwell's original Motion In Limine is a classic example of evidence too vaguely identified for the court to determine

31

its admissibility pretrial. The court simply has no basis to determine whether the prior convictions are or are not admissible pursuant to Rules 403, 404, and 609, where the prior convictions are not even identified. Therefore, this part of defendant Antione Maxwell's Motions In Limine will be denied.

*vi.* ***Opinions that the defendant is a drug dealer***. In his second Motion In Limine, the final category of evidence that defendant Antione Maxwell seeks to exclude is any references by any government witness that the witness had an opinion or received information that the defendant was a drug dealer or part of a group of individuals involved in dealing drugs. In support of this portion of his second motion, defendant Antione Maxwell argues that gratuitous depictions of him as a drug dealer would be prejudicial, because they might lead jurors to assume that he is someone with a propensity for criminal behavior and/or to base their verdict merely on his association with friends or family members who were involved in drug activity. The government responds that it does not intend to offer evidence of *opinions* that defendant Antione Maxwell is a drug dealer, but that it will offer evidence that is *consistent with*, and indeed, *direct evidence of*, his participation in drug trafficking.

The court agrees that "gratuitous" depictions of the defendant as a drug dealer would be both unhelpful and unduly prejudicial. For the same reasons that the court excluded evidence of opinions that defendant Orondee Maxwell is a drug dealer, the court will exclude opinions that defendant Antione Maxwell *is* a drug dealer, because it is for the jury to decide whether the evidence proves that the defendant was dealing drugs, as charged, and an opinion to that effect is unnecessary to assist the jury. *See* FED. R. EVID. 701 (lay opinion testimony must be "helpful to a clear understanding of the witness' testimony or the determination of a fact in issue"); FED. R. EVID. 702 (expert testimony must be such that it will assist the trier of fact to understand the evidence or to determine

32

a fact in issue). On the other hand, evidence that certain conduct by this defendant is *consistent with* drug trafficking, which the government has elsewhere indicated an intention to introduce, is admissible. *See, e.g., Taylor*, 462 F.3d at 1026-27 (a police officer could permissibly testify that certain conduct, possession of a large quantity of drugs and possession of firearms, was consistent with drug dealing, because such testimony assists the jurors in understanding the business of drug trafficking). Similarly, evidence that law enforcement officers received information that this defendant was a drug dealer may not be admissible for the truth of the matter, but may be admissible to show why law enforcement officers conducted further investigations of this defendant. Certainly, any witness may testify to firsthand knowledge of this defendant's involvement in drug activity or conduct consistent with drug activity.

Therefore, this part of defendant Antione Maxwell's second Motion In Limine will be granted as to opinions that he *is* a drug dealer, but denied as to receipt by law enforcement officers of information describing him as a drug dealer to explain conduct of law enforcement officers, and opinions or testimony that he engaged in conduct that is *consistent with* drug trafficking.

### c.   *Summary*

In summary, defendant Antione Maxwell's Motions In Limine will be denied as to "bad acts" evidence; denied as to references to "crack houses," "drug houses," or the like; denied as to references to the defendant residing where a gun and drug paraphernalia were found; denied without prejudice to reassertion at trial as to evidence of his arrest and discovery of drugs or packaging material thereafter; denied as to his prior convictions; and granted as to opinions that he *is* a drug dealer, but denied as to receipt by law enforcement officers of information describing him as a drug dealer to explain conduct of law

enforcement officers, and opinions or testimony that he engaged in conduct that is *consistent with* drug trafficking.

### 2. *The motion to strike an alias*

In his very tardy May 15, 2007, Motion To Strike Purported Alias Of Defendant (docket no. 63), defendant Antione Maxwell seeks an order striking from the Superseding Indictment or, in the alternative, precluding any reference during trial to, one of his alleged alias, "Pistol Pete." In its combined response (docket no. 73), filed the next day, the government states that it has agreed not to present evidence of such an alias at trial (to avoid the potential for any unnecessary prejudice), but asserts that "Pistol Pete" is a known alias of defendant and, as such, should remain a part of the Superseding Indictment. The government specifically states that the listing or reading of such an alias should be removed from any documentation presented to the jury.

The court agrees with the parties' resolution of this question and will, consequently, remove references to "Pistol Pete" as an alias of this defendant from any statement of the case, instructions, or verdict form given to the jury.

### III. CONCLUSION

Upon the foregoing, the defendants' pretrial motions are resolved as follows:

1. Defendant Eddie Jermane Lee's March 14, 2007, Motion In Limine (docket no. 37) is **granted** as to the evidence identified in paragraphs (1)-(2), (4)-(11), (13)-(15), and (17) of that Motion, but **denied** as to the evidence identified in paragraphs (3), (12), and (16) of that Motion;

2. Defendant Orondee Jacquell Maxwell's April 30, 2007, Motion In Limine (docket no. 40) is **granted** as to his assault and theft convictions, but **denied** as to his felony drug conviction; **granted** to exclude opinions that the defendant *is* a drug dealer or

34

felon, but **denied** as to opinions that certain evidence pertaining to this defendant *is consistent with* drug trafficking; **denied** as to lay opinions identifying the defendant's voice on recordings; **denied** as to evidence of his lack of employment history; and **denied** as to co-conspirator hearsay;

       3.     Defendant Antione Diandre Maxwell's April 30, 2007, Motion In Limine Regarding Purported Drug Activity (docket no. 41) and May 14, 2007, Motion In Limine Regarding Prior Bad Acts (docket no. 61) are **denied** as to "bad acts" evidence; **denied** as to references to "crack houses," "drug houses," or the like; **denied** as to references to the defendant residing where a gun and drug paraphernalia were found; **denied without prejudice to reassertion at trial** as to evidence of his arrest and subsequent discovery of drugs or packaging material thereafter; **denied** as to his prior convictions; and **granted** as to opinions that he *is* a drug dealer, but **denied** as to receipt by law enforcement officers of information describing him as a drug dealer to explain conduct of law enforcement officers, and opinions or testimony that he engaged in conduct that is *consistent with* drug trafficking.

       4.     Defendant Antione Diandre Maxwell's May 15, 2007, Motion To Strike Purported Alias Of Defendant (docket no. 63) is **denied** as to striking the alias from the Superseding Indictment, but **granted** as to striking any reference to such an alias in materials or instructions given to the jury.

       **IT IS SO ORDERED.**

       **DATED** this 17th day of May, 2007.

*Mark W. Bennett*

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

Case 3:07-cr-03004-LTS   Document 78   Filed 05/17/07   Page 35 of 35